SEALED

JUN 26 2024 PM4:20
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:24-cr- 171-CEM-LHP
18 U.S.C. § 371
18 U.S.C. § 1030(a)(7)(B)

ARTEM ALEKSANDROVYCH STRYZHAK

## INDICTMENT

The Grand Jury charges:

## A. Background

At times material to this Indictment:

1.    **ARTEM ALEKSANDROVYCH STRYZHAK**, and other persons known and unknown to the Grand Jury, conspired to attack hospitals, schools, nonprofit organizations, businesses, and government entities in the United States and around the world using malicious software known as "Hive ransomware."

2.    In furtherance of the scheme, the conspirators hacked into victims' computer networks and copied the victims' data to the conspirators' own computers. The conspirators then encrypted the victims' data, which prevented the victims from accessing their own files. The conspirators typically then demanded a ransom, in return for which the conspirators would restore the victims' access to their files and agree not to publicly disclose the hack or release the victims' stolen data to the internet.

3.    Hive ransomware operated as a ransomware-as-a-service or "RaaS," wherein conspirators had different roles in the conspiracy, including: (1) administrators or developers who designed the ransomware code itself and maintained the infrastructure, such as servers, on which Hive operated; and (2) affiliates who deployed the ransomware product designed by the administrators or developers. Depending on the circumstances, either negotiated with victims.

4.    **ARTEM ALEKSANDROVYCH STRYZHAK** was a Hive affiliate. In that role, he targeted and deployed Hive ransomware to, and stole data from, victims' computer networks to extort them. During the time that he acted as a Hive affiliate, **STRYZHAK** resided outside of the United States and used multiple online accounts with a common username or moniker.

5.    Hive conspirators claimed to have launched ransomware attacks on the computer networks of approximately 1,500 victims worldwide between in or around June 2021 and January 2023, including many in the United States. Victims of Hive ransomware attacks in the United States included, among others:

a. Victim 1: a business located in the Middle District of Florida;

b. Victim 2: a hospital located in the Southern District of Ohio;

c. Victim 3: a business located in the Middle District of Florida;

d. Victim 4: a business located in the Middle District of Florida;

e. Victim 5: a law firm located in the District of Maryland;

f. Victim 6: a business located in the Middle District of Florida; and

g. Victim 7: a healthcare provider located in the Northern District of California.

## B. Relevant Terms

6. A "network" was a group of two or more computers linked together.

7. A "server" was a type of computer or device on a network that managed network resources and provided services for the other computers connected to it via a network or the internet. Servers could be located thousands of miles from other computers on the network.

8. "Encryption" was the translation of data into a secret code. In order to access encrypted data, a user needed access to a password, commonly referred to as a "decryption key" or "decryptor," that enabled the user to decrypt the data.

9. "Malware" was a malicious software program designed to disrupt computer operations, gather sensitive information, gain access to private computer systems and take other unauthorized action on a computer system.

10. "Ransomware" was a type of malware that infected a victim's computer or network and encrypted some or all of the data stored there. Ransomware

perpetrators typically extorted the victim by demanding that the victim pay a ransom, often in cryptocurrency, to decrypt and recover the encrypted data. Ransomware perpetrators also extorted the victim by threatening to publish and/or distribute the stolen data if the victim refused to pay the ransom.

11.     "Cryptocurrencies," such as Bitcoin, were electronically sourced units of value that existed on the internet. Cryptocurrencies were generated and tracked through computer software in a peer-to-peer network, rather than issued from a government or other entity. Users of cryptocurrencies sent units of value to and from "addresses," which were unique strings of numbers and letters that functioned like a public account number. Cryptocurrency transactions were recorded on a publicly available, distributed ledger, often referred to as a "blockchain." Cryptocurrency transactions generally did not disclose information about the participating parties, as transactions usually required only the addresses and the online usernames of the parties.

12.     "Tor" was a computer network designed to facilitate anonymous communication over the internet. Typically, user activities on the internet could be attributed to the user via Internet Protocol ("IP") addresses assigned by an internet service provider. The Tor network routed a user's communications through a globally distributed network of relay computers or proxies ("Tor network"), which typically prevented identification of users by IP address.

## COUNT ONE
### (Conspiracy to Commit Fraud, Extortion, and Related Activity in Connection with Computers)

13.     Paragraphs 1 through 12 of this Indictment are restated and realleged as if fully set forth herein.

14.     From at least in or about June 2021, through at least in or about January 2023, in the Middle District of Florida, and elsewhere, the defendant,

**ARTEM ALEKSANDROVYCH STRYZHAK,**

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire, confederate, and agree to commit offenses against the United States, that is:

a.      to knowingly cause the transmission of a program, information, code, and command, and as a result of such conduct, intentionally cause damage without authorization to a protected computer, and cause loss to one or more persons during any 1-year period aggregating at least $5,000 in value, and cause damage affecting 10 or more protected computers during any 1-year period, in violation of 18 U.S.C. § 1030(a)(5)(A) and 1030(c)(4)(B); and

b.      with intent to extort from any person any money or other thing of value, transmit in interstate and foreign commerce a communication containing a threat to impair the confidentiality of information obtained from a protected computer without authorization and a demand and request for money or other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion, in violation of 18 U.S.C. § 1030(a)(7)(B), (a)(7)(C), and 1030(c)(3)(A).

## A. Objects of the Conspiracy

15.    The purpose of the conspiracy was for the defendant, **ARTEM ALEKSANDROVYCH STRYZHAK**, and his co-conspirators (hereinafter "Hive conspirators") to enrich themselves by:

    a.    developing Hive ransomware;

    b.    accessing victims' networks or computers;

    c.    stealing victims' data;

    d.    installing and executing Hive ransomware on victims' computers, resulting in the encryption of the data on those computers;

    e.    extorting victims by demanding a cryptocurrency ransom in exchange for:

        (i)    a decryption key for the encrypted data;

        (ii)    a promise not to publicize the breach of victims' networks or computers on a Tor website operated by Hive conspirators; and

        (iii)    a promise not to publicly release victims' stolen data on the same Tor website; and

    f.    collecting ransom payments from victims and dividing those payments among the Hive conspirators.

## B. Manner and Means of the Conspiracy

16. The manner and means used to accomplish the conspiracy's objectives included the following:

a. It was part of the conspiracy that Hive conspirators would and did develop Hive ransomware, which development was completed by no later than in or around June 2021. After that time, the Hive conspirators released updated versions of the Hive ransomware.

b. It was further a part of the conspiracy that Hive conspirators would and did gain access to the victims' networks or computers, steal victim data, and deploy Hive ransomware.

c. It was further a part of the conspiracy that, as part of the deployment of Hive ransomware, Hive conspirators would and did encrypt the victims' files and leave a ransom note on the victims' computers, for example in the form of a text file. Typically, the ransom note included instructions for how to contact the Hive ransomware group and a demand for payment in order to obtain decryption software or keys to decrypt victims' data and refrain from publicly disclosing victims' stolen exfiltrated data.

d. It was further a part of the conspiracy that, through the Hive platform hosted on Tor, Hive conspirators would and did record and track information about Hive ransomware victims, negotiate with victims, and often provide victims with a cryptocurrency address for the payment of the demanded ransom.

e.     It was further a part of the conspiracy that if victims did not engage in ransom negotiations or pay a ransom, Hive conspirators would and did publish portions of the victims' data to a publicly accessible Tor website.

f.     It was further a part of the conspiracy that victims who paid the ransom would and did receive a decryption key and their stolen files were not published.

## C. Overt Acts

17.     In furtherance of the conspiracy, and to achieve the goals and objectives of the conspiracy, Hive conspirators committed and caused to be committed the following overt acts, among others, in the Middle District of Florida, and elsewhere:

a.     No later than on or about June 23, 2021, STRYZHAK agreed to work as an affiliate of the Hive ransomware group and was given access to the Hive ransomware platform by a Hive conspirator. STRYZHAK later used his access to the Hive ransomware panel to record and conduct ransomware attacks against approximately seven victims, including Victim 5, Victim 6, and Victim 7 within the United States.

b.     On or about June 23, 2021, STRYZHAK used the Hive ransomware platform to record information about Victim 5, a law firm in the District of Maryland, including information about the company's size, estimated revenue, and website.

c.     On or about June 24, 2021, STRYZHAK and other Hive conspirators deployed ransomware against Victim 5 and encrypted its network.

d.    On or about July 11, 2021, Hive conspirators deployed ransomware against Victim 1, a business in the Middle District of Florida, and encrypted its network.

e.    On or about July 30, 2021, STRYZHAK sent an email to Victim 6, a business located in the Middle District of Florida, stating that their servers had been hacked and encrypted and demanding a ransom payment.

f.    On or about August 15, 2021, Hive conspirators deployed ransomware against Victim 2, a hospital located in Ohio. Hive conspirators initially demanded approximately $2,000,000 in Bitcoin from Victim 2. Victim 2 ultimately paid a ransom of approximately $1,700,000 in Bitcoin to Hive conspirators in exchange for a decryption key.

g.    On or about October 16, 2022, Hive conspirators deployed ransomware against Victim 3, a business located in the Middle District of Florida. Victim 3 found a Hive ransom note on its network. On or about October 31, 2022, Victim 3 paid a ransom of approximately $300,000 in Bitcoin.

h.    On or about December 5, 2022, Hive conspirators deployed ransomware against Victim 7, a healthcare provider located in the Northern District of California.

i.    On or about December 26, 2022, Hive conspirators deployed ransomware against Victim 4, a business located in the Middle District of Florida. Hive conspirators initially demanded a ransom of approximately $3,000,000 in

Bitcoin. Victim 4 did not pay the ransom. Hive conspirators published the data they stole from Victim 4 on a Tor website operated by Hive conspirators.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Extortion Involving a Protected Computer)

18. Paragraphs 1 through 12 of this Indictment are restated and realleged as if fully set forth herein.

19. Beginning on or about July 30, 2021, and continuing through on or about August 19, 2021, in the Middle District of Florida, and elsewhere, the defendant,

**ARTEM ALEKSANDROVYCH STRYZHAK,**

with the intent to extort from any person and entity, namely Victim 6, any money or other thing of value, transmitted and attempted to transmit in interstate and foreign commerce a communication containing a threat to impair the confidentiality of information obtained from a protected computer without authorization.

In violation of 18 U.S.C. §§ 1030(a)(7)(B), 1030(c)(3)(A), and 2.

## FORFEITURE

20. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i).

21. Upon conviction of a violation of 18 U.S.C. § 1030, or of a conspiracy to violate 18 U.S.C. § 1030, in violation of 18 U.S.C. § 371, the defendant shall

forfeit to the United States, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation and, pursuant to 18 U.S.C. § 1030(i), any personal property used or intended to be used to commit or to facilitate the commission of such violation.

22.    If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1030(i)(2).

A TRUE BILL.

_____
Foreperson

NICOLE ARGENTIERI
Principal Deputy Assistant Attorney General
Criminal Division

By: _____
Christen Gallagher
Trial Attorney

By: _____
Alison Zitron
Trial Attorney

ROGER B. HANDBERG
United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney

By: _____
for Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Orlando Division

## THE UNITED STATES OF AMERICA

vs.

## ARTEM ALEKSANDROVYCH STRYZHAK

### INDICTMENT

Violation:   18 U.S.C. § 371
18 U.S.C. § 1030(a)(7)(B)

_____
Foreperson

Filed in open court this 26th day of June, 2024.

_____
Clerk

Bail   $_____