UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

CASE NO. 6:24-cr-171-CEM-LHP

v.

ARTEM ALEKSANDROVYCH STRYZHAK

AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Chauncey A. Bratt, being duly sworn, depose and state:

1.     I am a citizen of the United States of America, residing and working in the state of Florida.

2.     I received a Juris Doctor degree from the University of Chicago Law School in 2011.  From 2011 to 2012, I worked as a law clerk to the Honorable Murray G. Snow, of the District of Arizona.  I was admitted to the Bar of the District of Columbia in 2014.  From 2012 to 2016, I worked as an associate at the international law firm White & Case LLP.  From May 2016 to the present, I have been employed as an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Middle District of Florida.

3.     As an Assistant United States Attorney, my duties include the prosecution of persons charged with criminal violations of the laws of the United

1

States.  During my practice as an AUSA, I have become knowledgeable about the criminal laws and procedures of the United States.

4.    In the course of my duties, I have become familiar with the charges and the evidence in the case of *United States v. Artem Aleksandrovych STRYZHAK*, Criminal Case Number 6:24-cr-171-CEM-LHP.  This prosecution arose from an investigation conducted by the Federal Bureau of Investigation ("FBI") that revealed that from in or about June 2021 through in or about January 2023, Artem Aleksandrovych STRYZHAK (hereinafter "STRYZHAK"), a Ukrainian citizen, and his co-conspirators participated in an international scheme whereby they used Hive ransomware, a type of malware that infected a computer or computer network and encrypted some or all of the data.  After gaining sufficient access to the victims' networks, STRYZHAK and his co-conspirators exfiltrated data from victims' computer networks, including victims located in the United States, in furtherance of their scheme to extort ransom payments from victims.[1]

I. The Grand Jury Process

5.    Under federal law of the United States, a criminal prosecution may be commenced when a grand jury files an indictment.  Institutionally, a grand jury, though an arm of the court, is an independent body composed of private citizens – not less than 16 and not more than 23 – whom the United States District Court selects at

---

[1] The defendant is also charged with violating U.S. law in a separate case in the Eastern District of New York for separate conduct related to another ransomware variant.

random from the residents of the judicial district in which the court resides. The purpose of the grand jury is to review evidence of crimes presented to it by United States law enforcement authorities. After independently reviewing this evidence, each member of the grand jury must determine whether there is probable cause to believe that a crime has been committed and that a particular person committed that crime. If at least 12 jurors find that the evidence they have reviewed provides probable cause to believe that a particular person committed the crime, the grand jury may return an indictment. An indictment is a formal written accusation that charges the particular person, now a defendant, with a crime, identifies the specific laws that the defendant is accused of violating, and specifies the date and place where the charged crime occurred. After the grand jury returns the indictment, a warrant for the arrest of the defendant or defendants generally is issued at the discretion of a United States District Court Judge or a United States Magistrate Judge.

6.    In addition to imprisonment and a criminal fine, United States law provides for the seizure and forfeiture of property of the defendant that constitutes the proceeds of the crime, was used or intended to be used in the crime, or was involved in the crime. The particular requirements for the seizure and forfeiture of property differ depending on the crime charged. A criminal forfeiture may be alleged in an indictment, along with substantive crimes, only if the grand jury finds probable cause to believe that the property is forfeitable. Under United States law, asset forfeiture is not a substantive offense or an element of the crime, but is a required part of sentencing

3

that the court must impose upon conviction for certain criminal offenses. A criminal forfeiture allegation in the indictment simply provides the defendant with notice that the United States will seek to forfeit certain property, or a money judgment and substitute assets, if the defendant is convicted of the particular offense.

## II. The Charges and Pertinent United States Law

7.     On 26 June 2024, a federal grand jury sitting in Orlando, Florida returned an indictment in Criminal Case Number 6:24-cr-171-CEM-LHP charging STRYZHAK with two counts. Count One charges STRYZHAK with conspiracy to commit fraud, extortion, and related activity in connection with computers in violation of Title 18, United States Code (U.S.C.), Sections 371 and 1030(a)(5)(A) and (c)(4)(B) and 1030(a)(7)(B), (a)(7)(C), and (c)(3)(A). Count Two charges STRYZHAK with extortion involving a protected computer in violation of Title 18, U.S.C. Sections 1030(a)(7)(B), 1030(c)(3)(A), and 2.

8.     The indictment alleges that the charged conduct occurred in the Middle District of Florida, where the indictment has been filed, and elsewhere. Under the law of the United States, a defendant is to be charged and tried in the district where the conduct occurred. Criminal offenses that involve more than one district can be prosecuted in any district where the offense was begun, continued, or completed.

9.     The indictment also contains forfeiture allegations against STRYZHAK seeking forfeiture of property and substitute assets pursuant to Title 18, U.S.C.

4

Sections 982(a)(2)(B), 982(b)(1), 1030(i)(1), 1030(i)(2), and Title 21, U.S.C. Section 853(p).

10.    On 26 June 2024, the United States District Court for the Middle District of Florida issued a warrant for the arrest of STRYZHAK based on the charges in the indictment.  The arrest warrant remains valid and executable.

11.    It is the practice of the United States District Court for the Middle District of Florida to retain the original of the indictment and warrant of arrest, and to file it with the Clerk of the Court.  Therefore, I have obtained from the Clerk of the Court a certified true and accurate copy of the indictment, which is attached to this affidavit as **Exhibit A**.  I have also obtained from the U.S. Marshals Service a true copy of the arrest warrant issued for STRYZHAK, which is attached to this affidavit as **Exhibit B**.

12.    The federal statutes or relevant portions of the federal statutes that are pertinent to this case are attached hereto as **Exhibit C**.  A violation of any of these statutes is a felony under United States law, meaning a violation punishable in excess of one year in prison.  These statutes were all duly-enacted laws of the United States both at the time that the offenses were committed and the superseding indictment was filed, and they remain in full force and effect.

13.    I have also included, as part of **Exhibit C**, the true and accurate text of Title 18, U.S.C. Section 3282, which is the statute of limitations for the offenses charged in the superseding indictment.  Under Title 18, U.S.C. Section 3282, a

5

defendant must be formally charged within five years of the date on which the offense or offenses were committed. Once an indictment has been filed in a federal district court, as with the charges against STRYZHAK, the statute of limitations is tolled and no longer runs. The reason for this is to prevent a criminal from escaping justice simply by fleeing the country and remaining a fugitive for a long period of time. In addition, under the law of the United States, the statute of limitations for a conspiracy statute with an overt act requirement, such as conspiracy to commit computer fraud and abuse, begins to run from the last overt act.

14. I have reviewed the applicable statute of limitations. Because the applicable statute of limitations is five years, the indictment charges offenses which continued until January 2023, and the indictment was filed on 26 June 2024, STRYZHAK was formally charged within the prescribed five-year time period on each count, and his prosecution is not barred by the statute of limitations.

15. Count One of the indictment charges STRYZHAK with conspiracy to commit fraud in connection with computers, in violation of Title 18, United States Code (U.S.C.), Sections 371, 1030(a)(5)(A) and 1030(c)(4)(B), and 1030(a)(7)(B), 1030(a)(7)(C), and 1030(c)(3)(A).

16. Under United States law, a conspiracy is an agreement to commit one or more criminal offenses. The agreement on which the conspiracy is based need not be expressed in writing or in words, but may simply be a tacit understanding by two or more persons to do something illegal. Conspirators enter into a partnership for a

6

criminal purpose in which each member or participant becomes a partner or agent of every other member. A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the identities of all the other members of the conspiracy. If a person has an understanding of the unlawful nature of a plan and knowingly and willfully agrees to it, joining in the plan, he is guilty of conspiracy, even though he may play only a minor part. A conspirator can be held criminally responsible for all reasonably foreseeable actions undertaken by other conspirators in furtherance of the criminal partnership. The crime of conspiracy is an independent offense, separate and distinct from the commission of any specific "substantive offense." Consequently, a conspirator can be found guilty of the crime of conspiracy to commit an offense, even where the underlying substantive offense that was the purpose of the conspiracy is not completed.

17.    In order to convict STRYZHAK on Count One of the indictment, conspiracy to commit fraud, extortion, and related activity in connection with computers, the government must establish beyond a reasonable doubt each of the following essential elements: (i) the existence of the conspiracy charged, that is, an agreement or understanding between STRYZHAK and at least one other person to violate the laws of the United States that make it a crime to commit fraud in connection with computers; (ii) STRYZHAK, knowing the unlawful purpose of the agreement, willfully joined in it; (iii) during the conspiracy, at least one co-conspirator knowingly engaged in at least one overt act as described in the indictment; and (iv) the overt act

7

was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy. An overt act is any action taken to further the objective of the conspiracy and need not itself be a criminal act.

18. The maximum penalty for a violation of the offense (conspiracy to obtain information from a protected computer) charged in Count One of the indictment is five years' imprisonment; a fine of $250,000; up to three years of supervised release; and a mandatory special assessment of $100.

19. Count Two charges the computer fraud and abuse object of Title 18, U.S.C. Sections 1030(a)(7)(B) (extortion involving a protected computer), and the associated penalties set forth in subsection 1030(c)(3)(A), and 2 (aiding and abetting).

20. In order to convict STRYZHAK on Count Two of the indictment, extortion involving a protected computer, the government must establish beyond a reasonable doubt each of the following: (i) the defendant transmitted, in interstate or foreign commerce, a threat to impair the confidentiality of information obtained from a protected computer without authorization; and (ii) by doing so, the defendant intended to extort money or anything of value from any person.

21. Count Two of the indictment further charges STRYZHAK with aiding and abetting extortion involving a protected computer, in violation of Title 18, U.S.C. Section 2, which provides that whoever commands, procures, assists in, or causes the commission of a crime shall be held accountable and punished in the same manner as the principal, or the person who actually carries out the task. This means that the guilt

8

of the defendant also may be proved even if he did not personally perform every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished through the direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort. So, if the acts or conduct of an agent, employee, or other associate of the defendant were willfully directed or authorized by the defendant, or if the defendant aided and abetted another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had engaged in such conduct himself.

22.    The maximum penalty for a violation of the offense (extortion involving a protected computer) charged in Count Two of the indictment is five years' imprisonment; a fine of $250,000; up to three years of supervised release; and a mandatory special assessment of $100.

23.    STRYZHAK has not been prosecuted or convicted for any of the offenses for which extradition is sought, nor has he been ordered to serve any sentence for any of the offenses that form the basis of this request.

### III. Summary of the Evidence and Conclusion

24.    STRYZHAK is a Ukrainian national currently residing in Spain. From at least June 2021 to at least January 2023, STRYZHAK and his co-conspirators were engaged in a computer hacking and extortion scheme that targeted businesses in the

United States and abroad using malicious software known as "Hive ransomware." During this time the Hive ransomware group attacked approximately 1,500 victims and extorted approximately $110 million in ransom payments.

25. To effectuate the scheme, the Hive ransomware group obtained, without authorization, the means to access protected computers after which they exfiltrated data from victim companies. The Hive ransomware group also deployed Hive ransomware on victim companies' computer networks, which encrypted victim companies' data. They then extorted victim companies to pay a ransom demand, typically in Bitcoin (a type of cryptocurrency, also referred to as "BTC"), in exchange for a tool to decrypt their data and a promise to not publicly release data exfiltrated from the victim companies on the Hive leak site. The Hive ransomware group then divided the ransom payments amongst themselves according to their roles in the group.

26. STRYZHAK served as an "affiliate" for the Hive ransomware group, meaning that he identified and targeted victims using the ransomware made available by the Hive ransomware group's administrators. STRYZHAK himself targeted approximately seven victims as part of the Hive scheme.

27. The indictment charges STRYZHAK with conspiracy charges related to his involvement in the ransomware group using the Hive ransomware variant to attack victims and the threats he made to a particular victim based in Florida in connection with his Hive activity.

10

28.    A detailed summary of the evidence underlying the offenses with which STRYZHAK is charged is found in the affidavit of FBI Special Agent Nicholas Rogers, appended hereto as **Exhibit D**.

29.    Both of our affidavits were sworn to before a United States Magistrate Judge for the Middle District of Florida legally authorized to administer an oath for this purpose.

30.     I have thoroughly reviewed the affidavit of FBI Special Agent Nicholas Rogers and the evidence in this case and attest that this evidence is sufficient to justify the commitment for trial of Artem Aleksandrovych STRYZHAK for the offenses for which his extradition is sought.

Respectfully submitted,

_____
Chauncey A. Bratt
Assistant United States Attorney
Middle District of Florida

Affidavit submitted by email and attested
to me as true and accurate by telephone or
videoconference consistent with
Fed.R.Crim. P. 41(d)(3) this
_15th_____ day of July, 2024.

_____
HONORABLE LESLIE HOFFMAN PRICE
United States Magistrate Judge

12

## List of Exhibits

A.    Indictment filed on 26 June 2024

B.    Arrest Warrant issued on 26 June 2024

C.    Relevant statutes

D.    Affidavit of Special Agent Nicholas Rogers

Tab 1 – Photograph of Artem Aleksandrovych Stryzhak